**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CRISTHIAN PAUL MILA LUGMANIA,**<br><br>***Petitioner*,**<br>**v.**<br><br>**MARY DE ANDA-YBARRA,**<br>*in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement*;<br>**DAVID J. VENTURELLA,**<br>*in his official capacity as Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement*;<br>**MARKWAYNE MULLIN,**<br>*in his official capacity as Secretary of the U.S. Department of Homeland Security*; **and**<br>**TODD BLANCHE,**<br>*in his official capacity as U.S. Attorney General*,<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § | **EP-26-CV-00319-DCG** |

**<u>ORDER DISMISSING CASE AS MOOT</u>**

Respondents report that the government removed Petitioner Cristhian Paul Mila Lugmania from the United States on April 2, 2026.[1] Respondents thus contend that this case is moot.[2] The Court ordered Petitioner to show cause by September 16, 2026 why the case should not be dismissed as moot.[3] Petitioner did not file a response by the deadline.

---

[1] Advisory, ECF No. 5, at 1.

[2] *Id.* (citing, e.g., *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 483 (5th Cir. 2020)).

[3] Order Pet'r Show Cause, ECF No. 6; *see also Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim to relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020); *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting,

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[4]

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 17th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

with exceptions that don't appear to apply here, that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

[4] *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").